DocuSign Envelope ID: 51E9F382-A2B6-4A47-994F-FCA3B504C288

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

| | |
|---|---|
| DAWN ANGIONE,<br>individually and on behalf of all others<br>similarly situated,<br><br>     Plaintiff,<br><br>vs.<br><br>NATIONAL COUNSELING GROUP, INC., et al.<br><br>     Defendants. | Case No. 3:21-cv-00344 (REP) |

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made and entered into by Plaintiff Dawn Angione on behalf herself and others similarly situated to her who were employed as Therapeutic Day Treatment Counselors ("TDT Counselors") (collectively, "Plaintiffs") by Defendants National Counseling Group, Inc. and Francis A. Viera, Jr. (together, "NCG"), between June 1, 2017 and November 28, 2020 ("Statutory Time Period") and is conditioned upon final judicial approval. NCG, Angione and Opt-In Plaintiffs (collectively the "Settling Parties") do hereby agree to do all things and procedures necessary and appropriate to obtain approval of this Agreement in consideration for: (a) payment by NCG of the consideration expressed herein subject to the terms, conditions and limitations of this Agreement; (b) the release and dismissal with prejudice of all claims of failure to pay overtime compensation for work performed during the statutory time period by the Plaintiffs who become Settlement Collective Members as defined herein; and (c) other valuable monetary and non-monetary consideration as set forth herein.

## 1.    DEFINITIONS

The following terms, when used in this Agreement, have the meanings set forth below, except when they are otherwise or more precisely defined in another section.

a.      "Action" means the civil action filed by Angione on behalf of the Plaintiffs in the Eastern District of Virginia, Richmond Division and styled, *Angione, et al., v. National Counseling Group, Inc.*, Case Number 3:21-cv-00344 (REP).

b.      "Court" means the United States District Court for the Eastern District of Virginia, Richmond Virginia.

c.      "NCG's Counsel" means WILLIAMS MULLEN, P.C.

d.      "Plaintiffs' Counsel" means BURR & SMITH, LLP and MCGILLIVARY STEELE ELKIN LLP.

e.      "Gross Settlement Amount" refers to the monetary amount that will be funded by NCG in the amount of $685,000.00 that will be distributed in accordance with this Agreement.

f.      "Named Plaintiff" means Plaintiff Dawn Angione.

g.      "Net Settlement Amount," subject to Court approval, refers to the Gross Settlement Amount less (i) the amount agreed by the Parties as Plaintiffs' Attorneys' Fees, Costs, and Expenses; (ii) the amount agreed by the Parties to be paid as Service Payments and (iii) expenses to the Settlement Administrator to be deducted from the Gross Settlement Amount.

h.      "Parties" shall have the same meaning as Settling Parties, collectively and separately, each is a "Party."

i.      "Released Parties" means NCG and includes all of its past and present companies, investors in those companies, controlling persons, parents, subsidiaries, affiliates, directors, officers, agents, attorneys, employees and benefit plans, insurers and reinsurers.

j.      "Settlement" means the resolution of the Action as effectuated by this Agreement.

k.     "Settled Claims" means any and all claims against NCG, of any and all claims, whether known or unknown, arising out of the payment or non-payment of overtime compensation by NCG through the end of the Statutory Time Period as evidenced individually by each Settlement Collective Member who opts-in to the Action.

l.      "Settlement Administrator" means a mutually-agreeable third-party administrator engaged by the Parties and paid out of the Gross Settlement Amount as described above.

m.     "Settlement Collective Members" means all persons who file a written consent to join the Action.   The potential Settlement Collective Members are identified on **Exhibit A** ("Potential Opt-In Plaintiffs").

n.     "Settlement Payment" means the amount to be paid to each Settlement Collective Member from the Net Settlement Amount as described in Section4 of this Agreement.

o.     "Joint Stipulation" refers to the stipulation of settlement/dismissal that the Parties will submit to the Court in accordance with this Agreement.

p.     "Tolling Agreement" refers to the Statute of Limitations Tolling and Settlement Negotiations Agreement entered into by the Parties with an effective date of June 1, 2020.

## 2.     <u>THIS AGREEMENT IS CONTINGENT ON COURT APPROVAL</u>

If, for any reason, the material terms of this Agreement are not approved by the Court when the Parties submit a Joint Stipulation, this Agreement will be void and shall have no force or effect. Whether or not the Joint Stipulation is approved, neither the Joint Stipulation nor any document, statement, proceeding, or conduct related to this Agreement, including the Tolling Agreement, nor any reports or accounts thereof, shall in any event be construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to any Party. Pending Court Approval, the Parties shall not pursue any discovery or otherwise litigate the claims. For settlement

purposes only, the settling parties agree that the Named Plaintiff and Potential Opt-in Plaintiffs are similarly situated for purposes of 29 U.S.C. § 216(b) and consent to court-facilitated notice to the Potential Opt-in Plaintiffs. NCG does not waive, and instead expressly reserves, its rights to challenge the propriety of whether similarly situated TDT Counselors exist and whether they should be provided with court-facilitated notice pursuant to 29 U.S.C. § 216(b) should the court not approve this agreement.

## PAYMENT TO SETTLEMENT CLASS MEMBERS

The Settlement Collective Members who submit a notice to join shall be entitled to participate in the Settlement. Settlement Collective Members will be issued checks consistent with Section 8 of this Joint Stipulation.

## 3.   STATEMENT OF NO ADMISSION

a.     Although the Parties do not abandon their respective positions that they have taken heretofore, the Parties believe that litigation would be protracted, expensive, uncertain, and contrary to their best interests.  In light of these realities, the Parties believe that this Agreement is fair, reasonable, and the best way to resolve the *bona fide* overtime and exemption dispute between them.

b.     NCG denies all claims as to liability, wrongdoing, damages, penalties, interest, fees, injunctive relief and all other forms of relief, as well as the collective allegations to be asserted in the Action. NCG has agreed to resolve the dispute and Action via this Agreement, but to the extent this Agreement is deemed void or not accepted by the Court, NCG does not waive, but rather expressly reserves, all rights to challenge any and all claims and allegations asserted by Angione or any other Plaintiffs in this Action or any other upon all procedural and substantive grounds,

including the ability to challenge collective action treatment on any grounds, and to assert any and all other potential defenses or privileges.

4. **MONETARY TERMS OF SETTLEMENT**

      a.      In order to settle the Action, and as consideration for the release of claims set forth in this Agreement and dismissal of the Action, NCG will pay a Gross Settlement Amount of $685,000.00, plus employer share of taxes on the wage portion of the settlement, which shall be used to provide for: (i) Settlement Payments to the Settlement Class Members as described in this Agreement and the Joint Stipulation, (ii) Plaintiffs' Attorneys' Fees, Costs, and Expenses, (iii) Service Payments as described herein, and (iv) Settlement Administration costs.

      b.      <u>Settlement Administration</u>. The Parties may communicate directly with the Settlement Administrator to expedite the settlement administration process.

      c.      <u>Gross Settlement Amount Allocation</u>.

      The amount available from the Gross Settlement Amount for the Settlement Collective Members' *pro rata* Settlement Payments (the "Net Settlement Amount") shall be the Gross Settlement Amount minus the amounts paid to Plaintiffs' Counsel for Attorneys' Fees, Costs, and Expenses, Service Payment awards, and Settlement Administration costs.  Each Settlement Class Member's Settlement Payment is set forth on Exhibit A.

      Parties agree to the calculation of the Settlement Payments on Exhibit A which are calculated based on weeks each Potential Opt-in Plaintiff worked overtime hours, assuming that in addition to the hours the Potential Opt-in Plaintiff recorded or could be assumed using a minimum of 7.5 hours per day, plus 48 minutes of hours worked per day during the period NCG classified Potential Opt-in Plaintiffs as exempt (June 1, 2017 through November 24, 2019), and plus 24 minutes of hours worked per day during the period NCG classified Potential Opt-in

Plaintiffs as non-exempt until the end of the Statutory Time Period (November 24, 2019 through November 28, 2020).

In addition to their *pro rata* Settlement Payments, in recognition of their service to the Settlement Class Members and in exchange for the release set forth in Section 5, certain Plaintiffs will receive service payments (each a "Service Payment"), as follows: Plaintiff Dawn Angione shall receive an additional payment of Five Thousand and No/100 Dollars ($5,000.00); Plaintiffs Francisco Diaz and Victor Holley shall each receive an additional payment of One Thousand and No/100 Dollars ($1,000.00); and Plaintiffs Lisa Morisco, Keta Satchell, Elizabeth Garcia, Julia Meredith, and Lensley Eidson shall each receive an additional payment of Six Hundred and No/100 Dollars ($600.00).

       d.    <u>Settlement Checks</u>.

The Settlement Administrator shall issue a check to each Settlement Collective Member. Fifty percent of the Settlement Payment to an individual Settlement Collective Member shall be attributed as regular employee wages with payroll deductions taken from this portion for each Settlement Collective Member. The Settlement Administrator will withhold and timely remit and report to the appropriate taxing authorities the employee's share of any applicable payroll taxes or contributions (i.e. FICA, FUTA, SUTA, and Medicare) from this portion of each Settlement Payment allocated to wages. NCG will be responsible for its employer's share of taxes.  The Settlement Collective Members shall be issued an IRS Form W-2 for this portion of the Settlement Payment to the Settlement Class Member. NCG shall be responsible for the employer share of taxes on the wages portion of the settlement.  The remaining fifty percent of the Settlement Payment shall be attributed as other income and no withholdings shall be made from this portion of each Settlement Payment allocated as non-wages.  The Settlement Collective Members shall be

issued an IRS Form 1099-MISC for this portion of the Settlement Payment to the Settlement Class Member. Other than the withholding and reporting requirements in this section, the Settlement Collective Members shall be solely responsible for the reporting and payment of their share of any federal, state, and/or local income or other taxes on this portion of the settlement paid as non-wages.

In the case of a Settlement Class Member who receives a Service Payment, payroll deductions and taxes shall not be taken from the Service Payment paid to the Settlement Class Member. Such Settlement Collective Members shall be issued an IRS Form 1099-MISC for the Service Payments.

None of the amounts paid to the Settlement Collective Members shall create any credit for, or be included in, or otherwise affect or alter the calculation or accrual of any employee benefit plans, programs, agreements or policies supplied, sponsored, maintained, contributed or otherwise provided by Defendant, including for purposes of any incentive plan.

## 5.    **RELEASE OF CLAIMS**

a.      It is hereby agreed, by and between the Plaintiffs, and NCG, and subject to the approval of the Court, in consideration of the benefits inuring to the Parties hereto, that each Settlement Collective Member shall be deemed to have jointly and severally released and discharged the Released Parties from any and all Settled Claims upon the negotiation of the Settlement Collective Member's Settlement Payment. In addition, and in consideration of the Service Payments inuring to them hereunder, each Plaintiff receiving a Service Payment further releases and discharges the Released Parties from any and all claims for retaliation under the Fair Labor Standards Act and any applicable state wage and hour statutes (the "Additional Released Claims").

b.    The Parties have engaged in settlement negotiations through their attorneys and in a mediation with the Honorable Gerald Bruce Lee, a retired United States District Judge from the Eastern District of Virginia, and agree that they have reached an agreement with respect to settlement of FLSA claims, as memorialized herein. Each of the Parties acknowledges that he, she, or it has had the benefit of advice, investigation and/or recommendations with reference to the subject matter of this Settlement Agreement. The Parties acknowledge that they have conducted extensive informed discovery in accordance with the Tolling Agreement. Each Party expressly acknowledges that they understand that the discovery of additional information or records relevant to this Action shall not be a reason to vacate or nullify this Settlement Agreement.

## 6. ATTORNEYS' FEES AND COSTS

a.    Subject to the Court's approval upon consideration of the Joint Motion for Approval, Plaintiffs' Attorneys' Fees, Costs, and Expenses shall be $205,500.00, which is up to 30 percent of the Gross Settlement Amount. This will compensate Plaintiffs' Counsel for work already performed in this Action, as well as all of the work remaining to be performed in this Action, including, but not limited to, documenting the Settlement, securing Court approval of the Settlement, ensuring that the Settlement is fairly administered and implemented, and obtaining final dismissal of the Action.

b.    NCG agrees that the negotiated Attorneys' Fees, Costs, and Expenses are reasonable.  Plaintiffs' Counsel reserves the right to appeal any order issued by the Court regarding an award of attorneys' fees, costs, and expenses that falls below that requested. NCG will not object to or otherwise comment on Plaintiffs' Counsel's request for Court approval of a fees and costs awarded from the Gross Settlement Amount in these amounts or in any appeal regarding such approval. This Settlement Agreement is not conditioned upon the Court's approval of

Plaintiff's fees, costs, and expenses.  If Plaintiffs do contest any award of fees, costs, and expenses, NCG will not be required to pay any additional attorney fees to Plaintiffs and any costs incurred to contest the award of fees shall be bourne solely by Plaintiff's Counsel.

      c.      Plaintiffs and Plaintiffs' Counsel understand and agree that Plaintiffs' Counsel's Attorneys' Fees, Costs, and Expenses will be the full, final, and complete payment of all attorneys' fees and costs arising from and/or relating to the representation of the Settlement Collective Members or any other attorneys' fees and costs associated with the investigation and/or prosecution of the FLSA claims asserted in the Action. As an inducement to NCG to enter into this Joint Stipulation, and as a material condition therefore, upon approval of this Agreement and payments of the amounts called for, the Plaintiffs and Plaintiff's Counsel hereby irrevocably and unconditionally release, acquit, and forever discharge any claim they may have against NCG and/or the Released Parties for attorneys' fees, costs, or expenses arising from or relating to the individuals and matters identified in this Agreement, only.  Furthermore, the Plaintiffs and Plaintiffs' Counsel represent and warrant that no attorney, other than Plaintiffs' Counsel, has any attorney's fee or lien on or claim to any proceeds arising out of, by virtue of, or in connection with the FLSA claims asserted in the Action, and that the terms of this Agreement shall fully satisfy any and all claims by any attorney arising out of or by virtue of or in connection with the overtime wage claims asserted in the Action. Nothing in this Section shall preclude Plaintiffs from appealing the allocation of Plaintiffs' Counsel's Fees, Costs, and Expenses should the sum awarded by the Court fall below the amount described in Section 7(a) of this Joint Stipulation. Following the exhaustion of any such appeal, any amounts that are not ultimately approved as Attorneys' Fees, Costs, and Expenses shall revert to Settlement Class Members in pro rata amounts in proportion to their Net Settlement Amounts.

d.      The Attorneys' Fees, Costs, and Expenses award approved by the Court shall be paid to Plaintiffs' Counsel from the Gross Settlement Amount as set forth in Section 5(c). NCG shall report the payment of these fees and costs to Plaintiffs' Counsel on an IRS Form 1099.

e.      The payment of Attorneys' Fees, Costs, and Expenses to Plaintiffs' Counsel shall constitute full satisfaction of the obligation to pay any amount to any person, attorney, or law firm for attorneys' fees, expenses, or costs in the Action incurred by any attorney on behalf of the Settlement Collective Members, and shall relieve NCG, the Released Parties, insurers, reinsurers, and NCG's Counsel of any other claims or liability to any other attorney or law firm for attorneys' fees, costs, and/or expenses to which any of them may claim to be entitled on behalf of the Settlement Class Members. In exchange for such payment, Plaintiffs' Counsel will release and forever discharge any attorneys' lien on the Gross Settlement Amount.

f.      All of Defendant's legal fees, costs and expenses incurred in this Action shall be borne by NCG or its insurers.

## 8.      SERVICE PAYMENTS

Plaintiffs' Counsel shall seek payment of the Service Payments in the total amount of $10,000 for the Plaintiffs in the Action for their significant involvement in commencing and discovering the claims represented in the Action. NCG will not oppose Plaintiff's requests for Service Payments.  The settlement is not conditioned upon the Court's approval of Plaintiff's request for Service Payments and any amounts that are not approved for Service Payments shall revert to Settlement Class Members in pro rata amounts in proportion to their Net Settlement Amounts.  Payment of Service Payments approved by the Court shall be paid from the Gross Settlement Amount within thirty (30) days of the Claim Bar Date.

## 9.      SETTLEMENT CLAIMS ADMINISTRATOR FEES

The Settlement Claims Administrator fees shall be deducted from the Gross Settlement Amount.  The settlement is not conditioned upon the Court's approval of Plaintiff's request for Settlement Claims Administrator Fees and any amounts that are not approved for Settlement Claims Administrator Fees shall revert to Settlement Class Members in pro rata amounts in proportion to their Net Settlement Amounts.

**10.    SETTLEMENT TIMELINE**

The Parties agree to the following timeline for the completion of the Settlement and dismissal of the Action, with the clarification that, if any appeal of the Approval Order is made by any person, no Settlement Payments or attorneys' fees payments shall be made until all appeals are decided and the case is returned to the District Court, and there is a valid order in place that the Settlement Payments or attorneys' fees should now be made. If no such timely appeal is filed, the timeline is as follows:

a.      <u>Settlement Approval.</u>

Within thirty (30) days of the execution of this Agreement by the Settling Parties' counsel of record, Counsel for the Plaintiffs shall file a Joint Stipulation. The Joint Stipulation shall attach for the Court's approval the Notice of Settlement to Settlement Collective Members, attached hereto as **Exhibit B**, advising Potential Opt-In Plaintiffs of material terms and provisions of this Agreement, the procedure for submitting Consent to Join Forms, and their rights with respect thereto,  the Consent to Join Form attached as **Exhibit C**, and a Reminder Postcard, attached as **Exhibit D**.

The Settling Parties shall cooperate and present to the Court for its consideration in connection with the approval of the Settlement Agreement and Court-facilitated notice competent

evidence as may be requested by the Court under the appropriate standards for approving FLSA settlements and/or facilitated notice.

      b.    <u>Settlement Administrator</u>.

      (i)    On or before ten (10) business days after the execution of this Agreement, the Settling Parties shall jointly agree upon a firm to serve as Settlement Claims Administrator. In the event the Settling Parties cannot agree upon such a firm, their dispute shall be decided finally by the Honorable Gerald Bruce Lee serving as an Arbitrator on the issue. The Settlement Claims Administrator shall be responsible for: (i) calculating the individualized settlement payments and tax withholding amounts for the Named Plaintiff and Potential Opt-In Plaintiffs; (ii) preparing, printing and disseminating to the Named Plaintiff and Potential Opt-In Plaintiffs the Notice of Settlement and Consent to Join Forms by mail, and email, and text message; (iii) preparing, printing and disseminating to the Named Plaintiff and Potential Opt-In Plaintiffs the reminder postcard; (iv) copying counsel for all Parties on material correspondence and promptly notifying all counsel for the Parties of any material requests or communications made by any Party; (v) preparing, monitoring and maintaining a toll-free number, email address, and website until 30 days after the mailing of checks to Settlement Class Members; (vi) receiving and reviewing the Consent to Join Forms submitted by Named Plaintiff and Potential Opt-In Plaintiffs to determine eligibility for payment; (vii) determining the Settlement Payment for each Settlement Class Members in accordance with this Settlement Agreement; (viii) mailing the settlement checks to Settlement Class Members; (ix) wiring Plaintiffs' Counsel's attorneys' fees, costs, and expenses mailing Service Payments and Settlement Payments in accordance with this Settlement Agreement and Order of the Court; (x) paying all payroll tax obligations of NCG in accordance with this Settlement Agreement; (xi) issuing W-2 and 1099 Forms for all amounts paid to the Named

Plaintiff and Potential Opt-In Plaintiffs; (xii) ascertaining current address and addressee information for each Notice of Settlement returned as undeliverable; (xiii) responding to inquiries of the Named Plaintiff and Potential Opt-In Plaintiffs regarding the terms of settlement and procedures for filing Consent to Join Forms; (xiv) referring to Plaintiffs' Counsel all inquiries by the Named Plaintiff and Potential Opt-In Plaintiffs regarding matters not within the Settlement Claim Administrator's duties specified herein; (xv) responding to inquiries of Plaintiffs' or NCG's Counsel; (xvi) promptly apprising counsel for the Parties of the activities of the Settlement Claims Administrator; (xvii) maintaining adequate records of its activities, including the dates of the submission of the Notice of Settlement and mailing, emailing, and electronic submission receipt of Consent to Join Forms, returned mail, email, and electronically through a website and other communications and attempted written or electronic communications with the Named Plaintiff and Potential Opt-In Plaintiffs; (xviii) confirming in writing to Plaintiffs' and NCG's Counsel and the Court its completion of the administration of the settlement; (xix) timely responding to communications from the Parties or their counsel; (xx) returning any monies to NCG; and (xxi) such other tasks as the Parties mutually agree.

(ii)      Within (20) days after the Court enters an Order approving this settlement, NCG shall deliver to the Settlement Administrator an updated Exhibit A in Excel format which shall include the last known address, home and cell phone numbers, email addresses, and Social Security number of the Potential Opt-In Plaintiffs.  Plaintiffs' Counsel shall also provide the Settlement Administrator with any updated addresses for the Potential Opt-In Plaintiffs.  Prior to the mailing, emailing, and texting of the Notice of Settlement to the Potential Opt-In Plaintiffs, the Settlement Administrator shall attempt to confirm the accuracy of the names and addresses through the United States Post Office's National Change of Address.  Within thirty (30) days of Court approval of this

13

Agreement, the Settlement Administrator shall mail, email, and text the Notice of Settlement and Consent to Join Form.  The mailing shall be sent to the best address identified using the National Change of Address database for the Potential Opt-In Plaintiffs.  If any such Notice of Settlement and Consent to Join Form is returned as undeliverable for a Potential Opt-In Plaintiffs, the Settlement Administrator shall promptly attempt to locate such Potential Opt-In Plaintiffs through an electronic search using the Social Security number and/or former address of that person and shall promptly mail, email, and text, as available, an additional Notice of Settlement and Consent to Join Form to each such person.  The Potential Opt-In Plaintiffs will be provided with a summary of the basis for settlement in the Notice of Settlement and told that in order to receive any monetary proceeds of the settlement, they must mail, email, or electronically submit a Consent to Join Form so that it is received by the Settlement Administrator on or before sixty (60) days of the date the first Notice of Settlement was mailed or emailed to the Potential Opt-In Plaintiff's last known address (the "Claim Bar Date").  Thirty (30) days after the initial mailing of the Notice of Settlement and Consent to Join Form, the Claims Administrator shall mail, email, and text the Reminder Postcard.  In the event that Plaintiffs' Counsel or the Settlement Administrator is contacted by a Potential Opt-In Plaintiffs before the Claim Bar Date and he/she indicates that he or she did not receive the Notice of Settlement, the Settlement Administrator shall mail, email, and/or text an additional Notice of Settlement and Consent to Join Form to the address provided by the Potential Opt-In Plaintiffs.  The Settlement Administrator shall establish a website dedicated to the Settlement that will include a copy of the Notice of Settlement and will allow Consent to Join Forms to be electronically signed and submitted through the website. The Settlement Administrator shall provide electronic copies of all Consent to Join Forms and verification of the electronically submitted Consent to Join Forms to Plaintiffs' Counsel along with a declaration

about the claims process, who shall file the Consent to Join Forms and declaration with the Court within 15 days of the Claims Bar Date. Potential Opt-In Plaintiffs who timely return a completed Consent to Join Form, the Named Plaintiff, and Opt-in Plaintiffs in the Action will be considered entitled to receive their share of the Gross Settlement Amount as set forth on Exhibit A.

      c.      <u>Payment of Settlement Payments, Plaintiffs' Attorneys' Fees and Costs, Service Payments, and Settlement Claims Administrator.</u>

      (i)      Within thirty (30) days of the Court's Order approving the Settlement, NCG shall pay a total the Gross Settlement Amount by wire transfer to the Settlement Claims Administrator for deposit in a Qualified Settlement Fund.

      (ii)      Within twenty (20) days after the Claims Bar Date, the Settlement Administrator shall send the Settlement Payments via First Class U.S. Mail to each Settlement Class Member, including any Court awarded Service Payment. The Settlement Administrator shall include the Court's Approval Order with each Settlement Payment.

      (iii)      Within twenty (20) days after the Claims Bar Date, the Settlement Administrator shall send the Attorneys' Fees and Costs via First Class U.S. Mail to Plaintiffs' Counsel.

      (iv)      Within twenty (20) days after the Claims Bar Date, the Settlement Administrator shall receive payment for Settlement Claims Administration services.

      (v)      Settlement Class Members shall have one-hundred and twenty (120) days from the date of issue to negotiate the Settlement Payment checks. Any checks that remain uncashed after one-hundred and twenty (120) days from the date they are issued by the Settlement Administrator shall be deemed void. Any and all funds remaining shall revert to NCG.

      (vi)      Effect of Negotiating Settlement Payment: Upon the negotiation of any Settlement Payment check, a Settlement Class Member shall be deemed to have released the

Released Parties from any and all Settled Claims. Upon negotiation of any Service Payment check, a Settlement Class Member receiving such Service Payment shall be deemed to have released the Released Parties from any and all Additional Released Claims.

(vii)    Dismissal of the Action: Together with the Joint Motion for Approval of the Settlement, Plaintiff shall present a Final Judgment and Order of the Parties' Stipulation of Dismissal ("Final Judgment") to the Court for its approval. The Final Judgment shall provide that the Action is dismissed with prejudice.

## 11.    CONSTRUCTION

The terms and conditions of this Agreement are the result of lengthy, intensive, arms-length negotiations between the Parties facilitated by the honorable Gerald Bruce Lee, a retired federal district court judge from the Eastern District of Virginia. Accordingly, this Joint Stipulation is not to be construed in favor of or against any Party by reason of the extent to which any Party or its counsel participated in the drafting of the Joint Stipulation.

## 12.    MODIFICATION

This Agreement and its subsequent Joint Stipulation may not be changed, altered, or modified, except in writing and signed by the Parties and approved by the Court.  This Agreement may not be discharged except by performance with its terms or by a writing signed by the Parties and approved by the Court.

## 13.    THE SETTLEMENT IS FAIR, ADEQUATE, AND REASONABLE

The Parties warrant and represent they have conducted a thorough investigation of the facts and allegations in the Action and have diligently pursued an investigation of the claims alleged in the Action. The Parties further represent and warrant that they believe this Settlement is a fair and reasonable resolution of this Action and that they have arrived at this Settlement in arm's-length

negotiations, taking into account all relevant factors, present and potential. This Settlement was reached after extensive negotiations and mediation.

**14.     RETENTION OF JURISDICTION**

The Court shall retain jurisdiction with respect to the interpretation, implementation and enforcement of the terms of the Joint Stipulation and all orders and judgments entered in connection therewith, and the Parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing and enforcing the Settlement embodied in this Joint Stipulation and all orders and judgments entered in connection therewith.

**15.     APPLICABLE LAW**

The terms of this Joint Stipulation shall be governed by and construed in accordance with Virginia law.

**16.     BINDING ON SUCCESSORS AND ASSIGNS**

This Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

**17.     COUNTERPARTS**

This Agreement may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Joint Stipulation, which shall be binding upon and effective as to all Parties. Electronic signatures and signatures transmitted by fax or .pdf shall have the same effect as an original ink signature.

**18.     PARTIES' AUTHORITY**

The signatories hereto represent that they are fully authorized to enter into this Joint Stipulation of Settlement and bind the Parties to its terms and conditions. The Parties and their

counsel will cooperate with each other and use their best efforts to affect the implementation of the Settlement Agreement. In the event the Parties are unable to reach agreement on the form or content of any document needed to implement the Settlement Agreement, or on any supplemental provisions that may become necessary to effectuate the terms of this Settlement Agreement, the Parties may seek the assistance of the Court to resolve such disagreement.

DATED: _____7/13/2021_____, 2021        Dawn Henricks (formerly Angione)

*Dawn Henricks*
_____
Named Plaintiff on behalf of herself and the Settlement Collective Members

DATED: _____July 19_____, 2021        National Counseling Group, Inc.

By: _____

Its: _____PRESIDENT & CEO_____

DATED: _____July 19_____, 2021        Francis A. Viera, Jr.

_____
Individually

# EXHIBIT A

| Employee No. | Final Allocation | Back Pay | Liquidated Damages | Service Payment |
|---|---|---|---|---|
| 24 | 818.87 | 409.44 | 409.44 | 0 |
| 68 | 1,265.92 | 632.96 | 632.96 | 0 |
| 177 | 929.34 | 464.67 | 464.67 | 0 |
| 288 | 1,273.25 | 636.62 | 636.62 | 1000 |
| 302 | 543.42 | 271.71 | 271.71 | 0 |
| 349 | 2,300.78 | 1,150.39 | 1,150.39 | 0 |
| 386 | 1,937.84 | 968.92 | 968.92 | 0 |
| 418 | 2,252.80 | 1,126.40 | 1,126.40 | 0 |
| 420 | 134.24 | 67.12 | 67.12 | 0 |
| 456 | 1,450.73 | 725.36 | 725.36 | 0 |
| 589 | 575.41 | 287.71 | 287.71 | 0 |
| 997 | 1,945.77 | 972.88 | 972.88 | 0 |
| 1002 | 1,043.87 | 521.93 | 521.93 | 0 |
| 1013 | 294.57 | 147.28 | 147.28 | 0 |
| 1015 | 808.69 | 404.35 | 404.35 | 0 |
| 1516 | 2,497.59 | 1,248.80 | 1,248.80 | 0 |
| 1522 | 248.70 | 124.35 | 124.35 | 0 |
| 1558 | 779.82 | 389.91 | 389.91 | 0 |
| 1594 | 104.95 | 52.47 | 52.47 | 0 |
| 1695 | 100.00 | 50.00 | 50.00 | 0 |
| 1770 | 707.03 | 353.51 | 353.51 | 0 |
| 1784 | 1,957.29 | 978.65 | 978.65 | 0 |
| 1879 | 330.64 | 165.32 | 165.32 | 0 |
| 1888 | 155.70 | 77.85 | 77.85 | 0 |
| 1892 | 100.00 | 50.00 | 50.00 | 0 |
| 1893 | 719.81 | 359.90 | 359.90 | 0 |
| 1904 | 119.01 | 59.51 | 59.51 | 0 |
| 1908 | 347.42 | 173.71 | 173.71 | 0 |
| 1912 | 363.24 | 181.62 | 181.62 | 0 |
| 1949 | 147.31 | 73.66 | 73.66 | 0 |
| 1952 | 739.12 | 369.56 | 369.56 | 0 |
| 2016 | 200.68 | 100.34 | 100.34 | 0 |
| 2035 | 1,577.36 | 788.68 | 788.68 | 0 |
| 2044 | 252.97 | 126.49 | 126.49 | 0 |
| 2059 | 945.56 | 472.78 | 472.78 | 0 |
| 2060 | 1,720.36 | 860.18 | 860.18 | 0 |
| 2124 | 695.71 | 347.85 | 347.85 | 0 |
| 2129 | 161.74 | 80.87 | 80.87 | 0 |
| 2156 | 1,611.67 | 805.84 | 805.84 | 0 |
| 2169 | 1,479.75 | 739.87 | 739.87 | 0 |
| 2182 | 100.00 | 50.00 | 50.00 | 0 |
| 2204 | 474.98 | 237.49 | 237.49 | 600 |
| 2206 | 482.21 | 241.11 | 241.11 | 0 |
| 2210 | 311.26 | 155.63 | 155.63 | 0 |
| 2213 | 1,137.28 | 568.64 | 568.64 | 0 |
| 2238 | 572.91 | 286.45 | 286.45 | 0 |

Exhibit A

Angione v. NCG

| Employee No. | Final Allocation | Back Pay | Liquidated Damages | Service Payment |
|---|---|---|---|---|
| 2261 | 162.38 | 81.19 | 81.19 | 0 |
| 2312 | 1,453.55 | 726.77 | 726.77 | 0 |
| 2313 | 836.64 | 418.32 | 418.32 | 0 |
| 2315 | 1,031.98 | 515.99 | 515.99 | 0 |
| 2316 | 714.06 | 357.03 | 357.03 | 0 |
| 2317 | 119.88 | 59.94 | 59.94 | 0 |
| 2325 | 599.33 | 299.67 | 299.67 | 0 |
| 2326 | 691.51 | 345.75 | 345.75 | 0 |
| 2329 | 1,479.57 | 739.78 | 739.78 | 0 |
| 2331 | 475.05 | 237.52 | 237.52 | 0 |
| 2332 | 519.01 | 259.50 | 259.50 | 0 |
| 2333 | 133.73 | 66.86 | 66.86 | 0 |
| 2335 | 1,163.32 | 581.66 | 581.66 | 0 |
| 2338 | 188.32 | 94.16 | 94.16 | 0 |
| 2344 | 306.85 | 153.42 | 153.42 | 0 |
| 2345 | 553.63 | 276.82 | 276.82 | 0 |
| 2347 | 787.85 | 393.92 | 393.92 | 0 |
| 2358 | 2,758.65 | 1,379.32 | 1,379.32 | 0 |
| 2376 | 151.06 | 75.53 | 75.53 | 0 |
| 2415 | 872.84 | 436.42 | 436.42 | 0 |
| 2418 | 568.18 | 284.09 | 284.09 | 0 |
| 2426 | 771.14 | 385.57 | 385.57 | 0 |
| 2428 | 395.54 | 197.77 | 197.77 | 0 |
| 2443 | 1,344.99 | 672.49 | 672.49 | 0 |
| 2445 | 413.44 | 206.72 | 206.72 | 0 |
| 2447 | 100.00 | 50.00 | 50.00 | 0 |
| 2453 | 697.73 | 348.86 | 348.86 | 0 |
| 2461 | 100.00 | 50.00 | 50.00 | 0 |
| 2495 | 1,110.00 | 555.00 | 555.00 | 0 |
| 2497 | 511.50 | 255.75 | 255.75 | 0 |
| 2506 | 942.08 | 471.04 | 471.04 | 0 |
| 2513 | 738.51 | 369.25 | 369.25 | 0 |
| 2527 | 796.23 | 398.11 | 398.11 | 0 |
| 2540 | 655.71 | 327.85 | 327.85 | 0 |
| 2554 | 491.07 | 245.54 | 245.54 | 0 |
| 2558 | 247.54 | 123.77 | 123.77 | 0 |
| 2573 | 376.32 | 188.16 | 188.16 | 0 |
| 2589 | 5,384.19 | 2,692.10 | 2,692.10 | 1000 |
| 2611 | 527.35 | 263.67 | 263.67 | 0 |
| 2620 | 2,311.59 | 1,155.79 | 1,155.79 | 0 |
| 2629 | 574.56 | 287.28 | 287.28 | 0 |
| 2658 | 715.57 | 357.78 | 357.78 | 0 |
| 2660 | 995.99 | 498.00 | 498.00 | 0 |
| 2661 | 1,107.22 | 553.61 | 553.61 | 0 |
| 2664 | 119.92 | 59.96 | 59.96 | 0 |
| 2691 | 2,124.07 | 1,062.04 | 1,062.04 | 600 |

Exhibit A

Angione v. NCG

| Employee No. | Final Allocation | Back Pay | Liquidated Damages | Service Payment |
|---|---|---|---|---|
| 2696 | 1,148.02 | 574.01 | 574.01 | 0 |
| 2699 | 1,245.01 | 622.50 | 622.50 | 0 |
| 2700 | 1,054.39 | 527.20 | 527.20 | 0 |
| 2702 | 590.03 | 295.02 | 295.02 | 0 |
| 2703 | 912.19 | 456.09 | 456.09 | 0 |
| 2709 | 1,552.99 | 776.49 | 776.49 | 0 |
| 2712 | 1,461.71 | 730.86 | 730.86 | 0 |
| 2720 | 185.51 | 92.76 | 92.76 | 0 |
| 2722 | 154.44 | 77.22 | 77.22 | 0 |
| 2739 | 100.00 | 50.00 | 50.00 | 0 |
| 2762 | 100.00 | 50.00 | 50.00 | 0 |
| 2799 | 100.00 | 50.00 | 50.00 | 0 |
| 2803 | 2,504.08 | 1,252.04 | 1,252.04 | 0 |
| 2807 | 629.35 | 314.68 | 314.68 | 0 |
| 2818 | 2,227.66 | 1,113.83 | 1,113.83 | 0 |
| 2820 | 846.98 | 423.49 | 423.49 | 600 |
| 2830 | 100.00 | 50.00 | 50.00 | 0 |
| 2833 | 973.09 | 486.54 | 486.54 | 0 |
| 2835 | 1,643.15 | 821.58 | 821.58 | 0 |
| 2847 | 1,364.86 | 682.43 | 682.43 | 0 |
| 2848 | 6,533.05 | 3,266.53 | 3,266.53 | 0 |
| 2861 | 814.20 | 407.10 | 407.10 | 600 |
| 2867 | 229.48 | 114.74 | 114.74 | 0 |
| 2869 | 615.45 | 307.73 | 307.73 | 0 |
| 2876 | 257.76 | 128.88 | 128.88 | 0 |
| 2878 | 597.92 | 298.96 | 298.96 | 0 |
| 2879 | 1,388.55 | 694.28 | 694.28 | 0 |
| 2885 | 225.46 | 112.73 | 112.73 | 0 |
| 2888 | 1,757.46 | 878.73 | 878.73 | 0 |
| 2894 | 100.00 | 50.00 | 50.00 | 0 |
| 2900 | 1,735.52 | 867.76 | 867.76 | 0 |
| 2901 | 763.64 | 381.82 | 381.82 | 0 |
| 2902 | 814.11 | 407.06 | 407.06 | 0 |
| 2907 | 901.20 | 450.60 | 450.60 | 0 |
| 2912 | 860.48 | 430.24 | 430.24 | 0 |
| 2913 | 144.61 | 72.30 | 72.30 | 0 |
| 2915 | 201.10 | 100.55 | 100.55 | 0 |
| 2916 | 598.79 | 299.39 | 299.39 | 0 |
| 2917 | 954.24 | 477.12 | 477.12 | 0 |
| 2919 | 866.25 | 433.13 | 433.13 | 0 |
| 2921 | 605.40 | 302.70 | 302.70 | 0 |
| 2923 | 896.47 | 448.23 | 448.23 | 0 |
| 2930 | 451.14 | 225.57 | 225.57 | 0 |
| 2932 | 190.47 | 95.23 | 95.23 | 0 |
| 2934 | 1,748.67 | 874.33 | 874.33 | 0 |
| 2941 | 134.90 | 67.45 | 67.45 | 0 |

Exhibit A

| Employee No. | Final Allocation | Back Pay | Liquidated Damages | Service Payment |
|---|---|---|---|---|
| 2962 | 249.53 | 124.77 | 124.77 | 0 |
| 2963 | 1,570.02 | 785.01 | 785.01 | 0 |
| 2966 | 395.18 | 197.59 | 197.59 | 0 |
| 2971 | 100.00 | 50.00 | 50.00 | 0 |
| 2981 | 100.00 | 50.00 | 50.00 | 0 |
| 2991 | 14,481.90 | 7,240.95 | 7,240.95 | 0 |
| 3000 | 803.14 | 401.57 | 401.57 | 0 |
| 3016 | 877.53 | 438.77 | 438.77 | 0 |
| 3022 | 7,537.40 | 3,768.70 | 3,768.70 | 0 |
| 3025 | 343.60 | 171.80 | 171.80 | 0 |
| 3027 | 642.11 | 321.06 | 321.06 | 0 |
| 3029 | 740.45 | 370.22 | 370.22 | 0 |
| 3033 | 1,123.21 | 561.60 | 561.60 | 0 |
| 3036 | 952.21 | 476.11 | 476.11 | 0 |
| 3038 | 891.44 | 445.72 | 445.72 | 0 |
| 3040 | 567.35 | 283.67 | 283.67 | 0 |
| 3041 | 663.75 | 331.87 | 331.87 | 0 |
| 3044 | 751.53 | 375.77 | 375.77 | 0 |
| 3046 | 800.13 | 400.07 | 400.07 | 0 |
| 3047 | 692.83 | 346.42 | 346.42 | 0 |
| 3051 | 133.84 | 66.92 | 66.92 | 0 |
| 3053 | 731.31 | 365.65 | 365.65 | 0 |
| 3055 | 1,103.90 | 551.95 | 551.95 | 0 |
| 3057 | 619.81 | 309.90 | 309.90 | 0 |
| 3061 | 376.12 | 188.06 | 188.06 | 0 |
| 3066 | 850.84 | 425.42 | 425.42 | 0 |
| 3074 | 1,386.52 | 693.26 | 693.26 | 0 |
| 3076 | 803.50 | 401.75 | 401.75 | 0 |
| 3079 | 706.61 | 353.30 | 353.30 | 0 |
| 3084 | 100.00 | 50.00 | 50.00 | 0 |
| 3087 | 2,044.79 | 1,022.40 | 1,022.40 | 0 |
| 3088 | 257.67 | 128.84 | 128.84 | 0 |
| 3094 | 1,257.02 | 628.51 | 628.51 | 0 |
| 3096 | 547.20 | 273.60 | 273.60 | 0 |
| 3102 | 110.31 | 55.16 | 55.16 | 0 |
| 3122 | 100.00 | 50.00 | 50.00 | 0 |
| 3123 | 3,215.33 | 1,607.66 | 1,607.66 | 0 |
| 3124 | 1,037.46 | 518.73 | 518.73 | 0 |
| 3127 | 103.92 | 51.96 | 51.96 | 0 |
| 3130 | 1,724.25 | 862.12 | 862.12 | 0 |
| 3132 | 325.71 | 162.85 | 162.85 | 0 |
| 3135 | 1,596.20 | 798.10 | 798.10 | 0 |
| 3138 | 6,766.53 | 3,383.27 | 3,383.27 | 0 |
| 3139 | 687.53 | 343.77 | 343.77 | 0 |
| 3140 | 5,049.99 | 2,524.99 | 2,524.99 | 0 |
| 3144 | 526.00 | 263.00 | 263.00 | 0 |

Exhibit A

| Employee No. | Final Allocation | Back Pay | Liquidated Damages | Service Payment |
|---|---|---|---|---|
| 3145 | 437.82 | 218.91 | 218.91 | 0 |
| 3146 | 385.54 | 192.77 | 192.77 | 0 |
| 3149 | 1,418.35 | 709.17 | 709.17 | 0 |
| 3151 | 214.82 | 107.41 | 107.41 | 0 |
| 3154 | 2,848.47 | 1,424.23 | 1,424.23 | 0 |
| 3155 | 891.84 | 445.92 | 445.92 | 0 |
| 3166 | 2,502.54 | 1,251.27 | 1,251.27 | 0 |
| 3168 | 2,701.11 | 1,350.56 | 1,350.56 | 0 |
| 3172 | 163.49 | 81.74 | 81.74 | 0 |
| 3183 | 2,694.22 | 1,347.11 | 1,347.11 | 0 |
| 3185 | 145.63 | 72.82 | 72.82 | 0 |
| 3188 | 155.52 | 77.76 | 77.76 | 0 |
| 3194 | 614.15 | 307.08 | 307.08 | 0 |
| 3199 | 515.59 | 257.80 | 257.80 | 0 |
| 3202 | 504.42 | 252.21 | 252.21 | 0 |
| 3207 | 138.13 | 69.06 | 69.06 | 0 |
| 3209 | 509.74 | 254.87 | 254.87 | 0 |
| 3210 | 868.52 | 434.26 | 434.26 | 0 |
| 3213 | 1,217.45 | 608.72 | 608.72 | 0 |
| 3222 | 617.63 | 308.82 | 308.82 | 0 |
| 3225 | 783.63 | 391.81 | 391.81 | 0 |
| 3321 | 1,852.24 | 926.12 | 926.12 | 0 |
| 3327 | 574.08 | 287.04 | 287.04 | 0 |
| 3330 | 100.00 | 50.00 | 50.00 | 0 |
| 3342 | 1,571.70 | 785.85 | 785.85 | 0 |
| 3345 | 100.00 | 50.00 | 50.00 | 0 |
| 3346 | 100.00 | 50.00 | 50.00 | 0 |
| 3348 | 608.16 | 304.08 | 304.08 | 0 |
| 3354 | 100.00 | 50.00 | 50.00 | 0 |
| 3355 | 756.73 | 378.36 | 378.36 | 0 |
| 3358 | 628.32 | 314.16 | 314.16 | 0 |
| 3359 | 1,978.13 | 989.06 | 989.06 | 0 |
| 3360 | 454.42 | 227.21 | 227.21 | 0 |
| 3361 | 132.57 | 66.28 | 66.28 | 0 |
| 3365 | 1,444.53 | 722.27 | 722.27 | 0 |
| 3371 | 675.92 | 337.96 | 337.96 | 0 |
| 3372 | 596.28 | 298.14 | 298.14 | 0 |
| 3373 | 2,464.84 | 1,232.42 | 1,232.42 | 0 |
| 3376 | 454.50 | 227.25 | 227.25 | 0 |
| 3377 | 1,055.68 | 527.84 | 527.84 | 0 |
| 3389 | 231.08 | 115.54 | 115.54 | 0 |
| 3395 | 1,246.49 | 623.24 | 623.24 | 0 |
| 3399 | 905.14 | 452.57 | 452.57 | 0 |
| 3401 | 1,144.18 | 572.09 | 572.09 | 0 |
| 3402 | 158.56 | 79.28 | 79.28 | 0 |
| 3403 | 274.28 | 137.14 | 137.14 | 0 |

Exhibit A

Angione v. NCG

| Employee No. | Final Allocation | Back Pay | Liquidated Damages | Service Payment |
|---|---|---|---|---|
| 3406 | 563.61 | 281.81 | 281.81 | 0 |
| 3411 | 1,234.51 | 617.25 | 617.25 | 0 |
| 3412 | 281.22 | 140.61 | 140.61 | 0 |
| 3414 | 629.29 | 314.64 | 314.64 | 0 |
| 3416 | 1,531.59 | 765.79 | 765.79 | 0 |
| 3423 | 5,443.47 | 2,721.74 | 2,721.74 | 0 |
| 3433 | 100.00 | 50.00 | 50.00 | 0 |
| 3442 | 656.29 | 328.15 | 328.15 | 0 |
| 3448 | 6,251.92 | 3,125.96 | 3,125.96 | 0 |
| 3451 | 406.54 | 203.27 | 203.27 | 600 |
| 3455 | 636.56 | 318.28 | 318.28 | 0 |
| 3457 | 731.46 | 365.73 | 365.73 | 0 |
| 3458 | 6,680.77 | 3,340.38 | 3,340.38 | 0 |
| 3462 | 1,224.56 | 612.28 | 612.28 | 0 |
| 3466 | 154.73 | 77.36 | 77.36 | 0 |
| 3481 | 670.87 | 335.43 | 335.43 | 0 |
| 3489 | 270.12 | 135.06 | 135.06 | 0 |
| 3494 | 1,720.60 | 860.30 | 860.30 | 0 |
| 3497 | 1,081.05 | 540.53 | 540.53 | 0 |
| 3509 | 511.50 | 255.75 | 255.75 | 0 |
| 3521 | 759.22 | 379.61 | 379.61 | 0 |
| 3533 | 719.74 | 359.87 | 359.87 | 0 |
| 3537 | 8,025.14 | 4,012.57 | 4,012.57 | 0 |
| 3544 | 899.18 | 449.59 | 449.59 | 0 |
| 3564 | 2,446.62 | 1,223.31 | 1,223.31 | 0 |
| 3565 | 504.51 | 252.25 | 252.25 | 0 |
| 3568 | 479.46 | 239.73 | 239.73 | 0 |
| 3570 | 1,010.35 | 505.18 | 505.18 | 0 |
| 3571 | 306.18 | 153.09 | 153.09 | 0 |
| 3572 | 2,005.62 | 1,002.81 | 1,002.81 | 0 |
| 3575 | 126.28 | 63.14 | 63.14 | 0 |
| 3577 | 189.11 | 94.55 | 94.55 | 0 |
| 3578 | 1,243.71 | 621.85 | 621.85 | 0 |
| 3587 | 227.98 | 113.99 | 113.99 | 0 |
| 3590 | 663.62 | 331.81 | 331.81 | 0 |
| 3591 | 710.22 | 355.11 | 355.11 | 0 |
| 3592 | 1,275.18 | 637.59 | 637.59 | 0 |
| 3598 | 355.68 | 177.84 | 177.84 | 0 |
| 3600 | 697.50 | 348.75 | 348.75 | 0 |
| 3601 | 644.76 | 322.38 | 322.38 | 0 |
| 3610 | 660.41 | 330.20 | 330.20 | 0 |
| 3613 | 389.13 | 194.56 | 194.56 | 0 |
| 3615 | 212.85 | 106.42 | 106.42 | 0 |
| 3616 | 168.54 | 84.27 | 84.27 | 0 |
| 3617 | 170.32 | 85.16 | 85.16 | 0 |
| 3627 | 1,128.06 | 564.03 | 564.03 | 0 |

Exhibit A

Angione v. NCG

| Employee No. | Final Allocation | Back Pay | Liquidated Damages | Service Payment |
|---|---|---|---|---|
| 3631 | 510.54 | 255.27 | 255.27 | 0 |
| 3637 | 100.00 | 50.00 | 50.00 | 0 |
| 3642 | 650.07 | 325.04 | 325.04 | 0 |
| 3643 | 437.47 | 218.73 | 218.73 | 0 |
| 3647 | 421.36 | 210.68 | 210.68 | 0 |
| 3652 | 455.79 | 227.89 | 227.89 | 0 |
| 3656 | 157.63 | 78.81 | 78.81 | 0 |
| 3657 | 988.62 | 494.31 | 494.31 | 0 |
| 3663 | 832.33 | 416.17 | 416.17 | 0 |
| 3664 | 1,934.83 | 967.42 | 967.42 | 0 |
| 3665 | 473.21 | 236.60 | 236.60 | 0 |
| 3668 | 923.07 | 461.54 | 461.54 | 0 |
| 3670 | 466.71 | 233.35 | 233.35 | 0 |
| 3675 | 1,256.30 | 628.15 | 628.15 | 0 |
| 3679 | 1,387.83 | 693.91 | 693.91 | 0 |
| 3687 | 552.62 | 276.31 | 276.31 | 0 |
| 3688 | 100.00 | 50.00 | 50.00 | 0 |
| 3690 | 102.01 | 51.00 | 51.00 | 0 |
| 3691 | 1,143.69 | 571.84 | 571.84 | 0 |
| 3693 | 323.42 | 161.71 | 161.71 | 0 |
| 3696 | 653.97 | 326.98 | 326.98 | 0 |
| 3697 | 433.34 | 216.67 | 216.67 | 0 |
| 3700 | 100.00 | 50.00 | 50.00 | 0 |
| 3711 | 216.95 | 108.47 | 108.47 | 0 |
| 3717 | 1,108.37 | 554.19 | 554.19 | 0 |
| 3718 | 3,090.92 | 1,545.46 | 1,545.46 | 0 |
| 3721 | 542.70 | 271.35 | 271.35 | 0 |
| 3722 | 1,689.97 | 844.98 | 844.98 | 0 |
| 3730 | 690.44 | 345.22 | 345.22 | 0 |
| 3734 | 526.50 | 263.25 | 263.25 | 0 |
| 3740 | 135.78 | 67.89 | 67.89 | 0 |
| 3743 | 211.90 | 105.95 | 105.95 | 0 |
| 3745 | 1,918.78 | 959.39 | 959.39 | 0 |
| 3747 | 100.00 | 50.00 | 50.00 | 0 |
| 3751 | 100.00 | 50.00 | 50.00 | 0 |
| 3752 | 100.00 | 50.00 | 50.00 | 0 |
| 3753 | 218.11 | 109.05 | 109.05 | 0 |
| 3757 | 2,172.31 | 1,086.15 | 1,086.15 | 0 |
| 3760 | 933.15 | 466.57 | 466.57 | 0 |
| 3761 | 100.00 | 50.00 | 50.00 | 0 |
| 3762 | 100.00 | 50.00 | 50.00 | 0 |
| 3778 | 119.83 | 59.91 | 59.91 | 0 |
| 3779 | 100.00 | 50.00 | 50.00 | 0 |
| 3785 | 265.80 | 132.90 | 132.90 | 0 |
| 3786 | 1,036.73 | 518.36 | 518.36 | 0 |
| 3790 | 241.58 | 120.79 | 120.79 | 0 |

Exhibit A

Angione v. NCG

| Employee No. | Final Allocation | Back Pay | Liquidated Damages | Service Payment |
|---|---|---|---|---|
| 3791 | 1,213.25 | 606.63 | 606.63 | 0 |
| 3792 | 754.73 | 377.37 | 377.37 | 0 |
| 3804 | 1,025.33 | 512.67 | 512.67 | 0 |
| 3807 | 618.54 | 309.27 | 309.27 | 0 |
| 3810 | 262.09 | 131.05 | 131.05 | 0 |
| 3811 | 836.16 | 418.08 | 418.08 | 0 |
| 3814 | 314.61 | 157.30 | 157.30 | 0 |
| 3816 | 560.44 | 280.22 | 280.22 | 0 |
| 3817 | 1,464.31 | 732.16 | 732.16 | 0 |
| 3818 | 431.95 | 215.98 | 215.98 | 0 |
| 3819 | 532.67 | 266.33 | 266.33 | 0 |
| 3821 | 1,005.33 | 502.66 | 502.66 | 0 |
| 3825 | 2,137.76 | 1,068.88 | 1,068.88 | 0 |
| 3827 | 6,654.87 | 3,327.43 | 3,327.43 | 0 |
| 3829 | 1,228.06 | 614.03 | 614.03 | 0 |
| 3832 | 3,232.50 | 1,616.25 | 1,616.25 | 0 |
| 3836 | 615.93 | 307.97 | 307.97 | 0 |
| 3837 | 1,351.18 | 675.59 | 675.59 | 0 |
| 3848 | 1,929.06 | 964.53 | 964.53 | 0 |
| 3849 | 622.29 | 311.14 | 311.14 | 0 |
| 3851 | 1,458.95 | 729.48 | 729.48 | 0 |
| 3865 | 100.00 | 50.00 | 50.00 | 0 |
| 3870 | 149.77 | 74.88 | 74.88 | 0 |
| 3879 | 1,062.70 | 531.35 | 531.35 | 0 |
| 3880 | 1,642.89 | 821.44 | 821.44 | 0 |
| 3881 | 1,343.85 | 671.93 | 671.93 | 0 |
| 3884 | 349.89 | 174.94 | 174.94 | 0 |
| 3885 | 433.16 | 216.58 | 216.58 | 0 |
| 3888 | 100.00 | 50.00 | 50.00 | 0 |
| 3890 | 780.76 | 390.38 | 390.38 | 0 |
| 3891 | 963.47 | 481.73 | 481.73 | 0 |
| 3894 | 265.93 | 132.97 | 132.97 | 0 |
| 3904 | 100.00 | 50.00 | 50.00 | 0 |
| 3907 | 1,121.31 | 560.66 | 560.66 | 0 |
| 3908 | 1,787.81 | 893.91 | 893.91 | 5000 |
| 3912 | 757.76 | 378.88 | 378.88 | 0 |
| 3916 | 188.84 | 94.42 | 94.42 | 0 |
| 3928 | 344.50 | 172.25 | 172.25 | 0 |
| 3932 | 1,080.59 | 540.29 | 540.29 | 0 |
| 3936 | 1,009.48 | 504.74 | 504.74 | 0 |
| 3937 | 100.00 | 50.00 | 50.00 | 0 |
| 3938 | 434.90 | 217.45 | 217.45 | 0 |
| 3941 | 269.31 | 134.66 | 134.66 | 0 |
| 3959 | 3,042.80 | 1,521.40 | 1,521.40 | 0 |
| 3961 | 820.10 | 410.05 | 410.05 | 0 |
| 3964 | 1,822.52 | 911.26 | 911.26 | 0 |

Exhibit A

DocuSign Envelope ID: 51EDF382-A9B6-4A47-9945-FCA2B504C288

Angione v. NCG

| Employee No. | Final Allocation | Back Pay | Liquidated Damages | Service Payment |
|---|---|---|---|---|
| 3973 | 1,892.73 | 946.37 | 946.37 | 0 |
| 3976 | 900.33 | 450.16 | 450.16 | 0 |
| 3979 | 152.95 | 76.47 | 76.47 | 0 |
| 3981 | 968.79 | 484.40 | 484.40 | 0 |
| 3985 | 3,658.11 | 1,829.05 | 1,829.05 | 0 |
| 3994 | 345.57 | 172.78 | 172.78 | 0 |
| 3995 | 242.10 | 121.05 | 121.05 | 0 |
| 3996 | 405.93 | 202.97 | 202.97 | 0 |
| 3997 | 800.13 | 400.06 | 400.06 | 0 |
| 3998 | 351.16 | 175.58 | 175.58 | 0 |
| 4003 | 280.62 | 140.31 | 140.31 | 0 |
| 4007 | 1,760.76 | 880.38 | 880.38 | 0 |
| 4008 | 555.84 | 277.92 | 277.92 | 0 |
| 4011 | 2,291.82 | 1,145.91 | 1,145.91 | 0 |
| 4013 | 260.68 | 130.34 | 130.34 | 0 |
| 4015 | 486.13 | 243.06 | 243.06 | 0 |
| 4016 | 344.53 | 172.26 | 172.26 | 0 |
| 4017 | 387.79 | 193.90 | 193.90 | 0 |
| 4018 | 1,486.17 | 743.09 | 743.09 | 0 |
| 4019 | 977.70 | 488.85 | 488.85 | 0 |
| 4021 | 678.79 | 339.40 | 339.40 | 0 |
| 4023 | 712.67 | 356.34 | 356.34 | 0 |
| 4026 | 720.67 | 360.33 | 360.33 | 0 |
| 4027 | 283.31 | 141.65 | 141.65 | 0 |
| 4028 | 274.46 | 137.23 | 137.23 | 0 |
| 4032 | 834.79 | 417.40 | 417.40 | 0 |
| 4034 | 294.11 | 147.05 | 147.05 | 0 |
| 4036 | 414.05 | 207.02 | 207.02 | 0 |
| 4040 | 846.69 | 423.34 | 423.34 | 0 |
| 4041 | 326.40 | 163.20 | 163.20 | 0 |
| 4042 | 714.08 | 357.04 | 357.04 | 0 |
| 4044 | 295.96 | 147.98 | 147.98 | 0 |
| 4048 | 402.92 | 201.46 | 201.46 | 0 |
| 4050 | 1,196.37 | 598.18 | 598.18 | 0 |
| 4051 | 972.87 | 486.44 | 486.44 | 0 |
| 4059 | 409.71 | 204.85 | 204.85 | 0 |
| 4069 | 100.00 | 50.00 | 50.00 | 0 |
| 4070 | 544.06 | 272.03 | 272.03 | 0 |
| 4075 | 591.27 | 295.63 | 295.63 | 0 |
| 4077 | 313.37 | 156.69 | 156.69 | 0 |
| 4082 | 236.07 | 118.04 | 118.04 | 0 |
| 4085 | 1,619.15 | 809.57 | 809.57 | 0 |
| 4089 | 1,143.07 | 571.53 | 571.53 | 0 |
| 4100 | 534.47 | 267.23 | 267.23 | 0 |
| 4101 | 355.24 | 177.62 | 177.62 | 0 |
| 4102 | 254.46 | 127.23 | 127.23 | 0 |

Exhibit A

Angione v. NCG

| Employee No. | Final Allocation | Back Pay | Liquidated Damages | Service Payment |
|---|---|---|---|---|
| 4103 | 471.49 | 235.75 | 235.75 | 0 |
| 4106 | 216.63 | 108.32 | 108.32 | 0 |
| 4111 | 888.59 | 444.30 | 444.30 | 0 |
| 4112 | 384.35 | 192.18 | 192.18 | 0 |
| 4113 | 120.97 | 60.48 | 60.48 | 0 |
| 4114 | 960.80 | 480.40 | 480.40 | 0 |
| 4118 | 1,026.11 | 513.06 | 513.06 | 0 |
| 4122 | 315.22 | 157.61 | 157.61 | 0 |
| 4124 | 100.00 | 50.00 | 50.00 | 0 |
| 4132 | 428.97 | 214.49 | 214.49 | 0 |
| 4134 | 323.47 | 161.74 | 161.74 | 0 |
| 4138 | 215.58 | 107.79 | 107.79 | 0 |
| 4140 | 510.04 | 255.02 | 255.02 | 0 |
| 4142 | 100.00 | 50.00 | 50.00 | 0 |
| 4144 | 462.48 | 231.24 | 231.24 | 0 |
| 4151 | 989.67 | 494.83 | 494.83 | 0 |
| 4153 | 186.08 | 93.04 | 93.04 | 0 |
| 4157 | 436.20 | 218.10 | 218.10 | 0 |
| 4160 | 207.97 | 103.98 | 103.98 | 0 |
| 4162 | 358.51 | 179.25 | 179.25 | 0 |
| 4163 | 260.31 | 130.15 | 130.15 | 0 |
| 4164 | 272.70 | 136.35 | 136.35 | 0 |
| 4170 | 310.74 | 155.37 | 155.37 | 0 |
| 4171 | 577.70 | 288.85 | 288.85 | 0 |
| 4172 | 441.99 | 221.00 | 221.00 | 0 |
| 4175 | 230.54 | 115.27 | 115.27 | 0 |
| 4177 | 196.96 | 98.48 | 98.48 | 0 |
| 4179 | 100.00 | 50.00 | 50.00 | 0 |
| 4180 | 100.00 | 50.00 | 50.00 | 0 |
| 4181 | 112.60 | 56.30 | 56.30 | 0 |
| 4184 | 100.00 | 50.00 | 50.00 | 0 |
| 4185 | 184.42 | 92.21 | 92.21 | 0 |
| 4188 | 179.92 | 89.96 | 89.96 | 0 |
| 4189 | 148.44 | 74.22 | 74.22 | 0 |
| 4191 | 359.00 | 179.50 | 179.50 | 0 |
| 4192 | 555.04 | 277.52 | 277.52 | 0 |
| 4193 | 100.00 | 50.00 | 50.00 | 0 |
| 4195 | 1,110.13 | 555.07 | 555.07 | 0 |
| 4203 | 174.88 | 87.44 | 87.44 | 0 |
| 4204 | 214.09 | 107.04 | 107.04 | 0 |
| 4205 | 788.00 | 394.00 | 394.00 | 0 |
| 4206 | 261.51 | 130.76 | 130.76 | 0 |
| 4208 | 415.23 | 207.61 | 207.61 | 0 |
| 4214 | 100.00 | 50.00 | 50.00 | 0 |
| 4215 | 291.99 | 145.99 | 145.99 | 0 |
| 4217 | 125.81 | 62.91 | 62.91 | 0 |

Exhibit A

Angione v. NCG

| Employee No. | Final Allocation | Back Pay | Liquidated Damages | Service Payment |
|---|---|---|---|---|
| 4218 | 887.95 | 443.98 | 443.98 | 0 |
| 4220 | 439.17 | 219.59 | 219.59 | 0 |
| 4221 | 103.61 | 51.80 | 51.80 | 0 |
| 4224 | 214.32 | 107.16 | 107.16 | 0 |
| 4225 | 149.59 | 74.80 | 74.80 | 0 |
| 4226 | 368.38 | 184.19 | 184.19 | 0 |
| 4227 | 331.14 | 165.57 | 165.57 | 0 |
| 4230 | 490.97 | 245.49 | 245.49 | 0 |
| 4235 | 241.74 | 120.87 | 120.87 | 0 |
| 4236 | 314.68 | 157.34 | 157.34 | 0 |
| 4239 | 557.73 | 278.86 | 278.86 | 0 |
| 4241 | 751.90 | 375.95 | 375.95 | 0 |
| 4247 | 224.81 | 112.40 | 112.40 | 0 |
| 4248 | 163.94 | 81.97 | 81.97 | 0 |
| 4250 | 139.46 | 69.73 | 69.73 | 0 |
| 4252 | 689.73 | 344.86 | 344.86 | 0 |
| 4253 | 693.63 | 346.82 | 346.82 | 0 |
| 4256 | 165.30 | 82.65 | 82.65 | 0 |
| 4258 | 421.85 | 210.93 | 210.93 | 0 |
| 4260 | 100.00 | 50.00 | 50.00 | 0 |
| 4262 | 421.76 | 210.88 | 210.88 | 0 |
| 4271 | 194.32 | 97.16 | 97.16 | 0 |
| 4275 | 139.28 | 69.64 | 69.64 | 0 |
| 4276 | 166.86 | 83.43 | 83.43 | 0 |
| 4279 | 151.89 | 75.95 | 75.95 | 0 |
| 4284 | 100.00 | 50.00 | 50.00 | 0 |
| 4285 | 523.50 | 261.75 | 261.75 | 0 |
| 4288 | 457.24 | 228.62 | 228.62 | 0 |
| 4293 | 236.28 | 118.14 | 118.14 | 0 |
| 4294 | 100.00 | 50.00 | 50.00 | 0 |
| 4297 | 180.36 | 90.18 | 90.18 | 0 |
| 4301 | 2,143.31 | 1,071.65 | 1,071.65 | 0 |
| 4304 | 368.82 | 184.41 | 184.41 | 0 |
| 4308 | 100.00 | 50.00 | 50.00 | 0 |
| 4313 | 438.28 | 219.14 | 219.14 | 0 |
| 4314 | 134.62 | 67.31 | 67.31 | 0 |
| 4315 | 287.92 | 143.96 | 143.96 | 0 |
| 4317 | 217.43 | 108.71 | 108.71 | 0 |
| 4318 | 459.10 | 229.55 | 229.55 | 0 |
| 4320 | 134.53 | 67.27 | 67.27 | 0 |
| 4321 | 268.36 | 134.18 | 134.18 | 0 |
| 4322 | 300.53 | 150.26 | 150.26 | 0 |
| 4325 | 181.72 | 90.86 | 90.86 | 0 |
| 4326 | 1,019.79 | 509.89 | 509.89 | 0 |
| 4330 | 169.70 | 84.85 | 84.85 | 0 |
| 4331 | 100.00 | 50.00 | 50.00 | 0 |

Exhibit A

Angione v. NCG

| Employee No. | Final Allocation | Back Pay | Liquidated Damages | Service Payment |
|---|---|---|---|---|
| 4332 | 104.44 | 52.22 | 52.22 | 0 |
| 4333 | 908.55 | 454.28 | 454.28 | 0 |
| 4338 | 345.57 | 172.78 | 172.78 | 0 |
| 4342 | 100.00 | 50.00 | 50.00 | 0 |
| 4351 | 100.00 | 50.00 | 50.00 | 0 |
| 4386 | 100.00 | 50.00 | 50.00 | 0 |
| 4400 | 100.00 | 50.00 | 50.00 | 0 |
| 4403 | 100.00 | 50.00 | 50.00 | 0 |
| 4412 | 168.21 | 84.11 | 84.11 | 0 |
| 4420 | 154.91 | 77.45 | 77.45 | 0 |
| 4422 | 1,176.14 | 588.07 | 588.07 | 0 |
| 4426 | 100.00 | 50.00 | 50.00 | 0 |
| 4427 | 412.58 | 206.29 | 206.29 | 0 |
| 4429 | 344.54 | 172.27 | 172.27 | 0 |
| 4430 | 263.96 | 131.98 | 131.98 | 0 |
| 4436 | 1,326.44 | 663.22 | 663.22 | 0 |
| 4443 | 100.00 | 50.00 | 50.00 | 0 |
| 4449 | 100.00 | 50.00 | 50.00 | 0 |
| 4450 | 390.61 | 195.31 | 195.31 | 0 |
| 4451 | 425.92 | 212.96 | 212.96 | 0 |
| 4462 | 100.00 | 50.00 | 50.00 | 0 |
| 4498 | 100.00 | 50.00 | 50.00 | 0 |
| 4519 | 1,656.60 | 828.30 | 828.30 | 0 |
| 4529 | 1,495.94 | 747.97 | 747.97 | 0 |
| 4542 | 100.00 | 50.00 | 50.00 | 0 |

Exhibit A

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

| | |
|---|---|
| DAWN ANGIONE,<br>individually and on behalf of all others<br>similarly situated,<br><br>      Plaintiff,<br><br>vs.<br><br>NATIONAL COUNSELING GROUP, INC., et al.<br><br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. 3:21-cv-00344 (REP)

## COURT AUTHORIZED NOTICE OF COLLECTIVE ACTION SETTLEMENT UNDER THE FAIR LABOR STANDARDS ACT

THIS NOTICE CONTAINS IMPORTANT INFORMATION CONCERNING YOUR RIGHTS DUE TO THE SETTLEMENT OF AN ACTION BROUGHT UNDER A FEDERAL LAW KNOWN AS THE FAIR LABOR STANDARDS ACT ("FLSA") AS A RESULT OF YOUR CURRENT OR FORMER EMPLOYMENT AS A THERAPEUTIC DAY TREATMENT COUNSELOR ("TDT") FOR NATIONAL COUNSELING GROUP, INC.

**DEADLINE**:  **YOUR CONSENT TO JOIN FORM MUST BE RECEIVED BY [60 days FROM THE DATE THAT THIS NOTICE WAS MAILED,  EMAILED, OR TEXTED TO YOU] IN ORDER TO PARTICIPATE AND RECEIVE YOUR SETTLEMENT SHARE IN THE AMOUNT OF [$_____] IF THE SETTLEMENT IS APPROVED BY THE COURT**.

1. **INTRODUCTION**

On May 28, 2021, Dawn Angione filed a suit against National Counseling Group, Inc. and Francis A. Viera, Jr. (together, "NCG") on behalf of herself and other TDTs in the United States District Court for the Eastern District of Virginia.  The name and case number of this suit is *Angione, et al. v. National Counseling Group, Inc. et al.,* Case No. 3:21-cv-00344.

Plaintiff alleges violations of the Fair Labor Standards Act's overtime pay provisions, 29 U.S.C. § 207 ("FLSA").  Specifically, Plaintiff alleges that prior to November 2019, NCG failed to pay her and other TDTs overtime compensation for hours worked over forty hours in a workweek due to its alleged misclassification of all TDTs as exempt from the FLSA.  Plaintiff also alleges that after November 2019, after NCG reclassified her and other TDTs to "non-exempt" under the FLSA, NCG allegedly continued to fail to pay her and other TDTs all overtime

DocuSign Envelope ID: 51EDF382-A986-4A47-9945-FCA2B504C288

compensation for hours worked in excess of forty hours in a workweek. The lawsuit seeks unpaid overtime wages (backpay), an amount equal to backpay as liquidated damages, and reasonable attorneys' fees and costs. However, the right to recovery for any Plaintiff is not guaranteed or certain due to the potential facts and NCG's defenses to the allegations.

NCG denies the allegations in the lawsuit and claim they are not liable for unpaid wages, liquidated damages, fees or costs, or other damages in the lawsuit. The Court has taken no position regarding the merits of the Parties' claims or defenses.

To avoid protracted litigation and the risk to both sides inherent in litigation, the Parties to this Action have entered into the Settlement Agreement.

You are eligible to participate in the settlement since you worked for NCG in Virginia as a TDT at some point since June 1, 2017.

Federal law prohibits NCG from retaliating against you because you join this settlement. Indeed, NCG supports you joining and participating in the settlement.

## 2. <u>TERMS OF THE SETTLEMENT</u>

The Gross Settlement Amount is $685,000.00, which consists of settlement payments to individuals who submit timely Consent to Join Forms (*see* No. 3), attorneys' fees, costs, and expenses in the amount of 30% of the Gross Settlement Amount ($205,500.00), service payments in the total amount of $10,000 (specifically, $5,000 to Dawn Angione, $1,000 to Francisco Diaz and Victor Holley, and $600 to Lisa Morisco, Keta Satchell, Elizabeth Garcia, Julia Meredith, and Lensley Eidson) for their efforts which helped resolve the case, and claims administration fees.

Your settlement payments were calculated based on weeks in which Plaintiff's Counsel has calculated that you worked overtime hours assuming that in addition to the hours you recorded you worked in Credible or could be assumed using a minimum of 7.5 hours per day, plus 48 minutes of hours worked per day during the period NCG classified TDTs as exempt, and plus 24 minutes of hours worked per day during the period NCG classified TDTs as non-exempt.

By submitting a Consent to Form and participating in the settlement, you will release NCG from any and all claims, whether known or unknown, arising out of the payment or non-payment of overtime compensation by NCG from June 1, 2017 until November 28, 2020. To the extent that you believe that you may have Fair Labor Standards Act claims that arose prior to June 1, 2017, those claims are not included in the settlement because such claims are barred by the applicable statute of limitations, 29 U.S.C. § 255.

## 3. <u>HOW TO PARTICIPATE AND RECEIVE A SETTLEMENT PAYMENT</u>

You can join this lawsuit and receive a settlement payment by **completing the Consent to Join Form at [URL]**. Or, you can complete and return the attached or enclosed Consent to Join form to the Claims Administrator by mail, so that it is postmarked by **60 days from the mailing, email, or text notification** in the pre-paid envelope, by email, or fax to the Claims Administrator as set forth below

DocuSign Envelope ID: 51EDF382-A986-4A47-994F-FCA2B504C288

**[Claims Administrator**
**Address**
**Email**
**Fax**
**Toll-free Number]**

You may also visit the website **[at website]** to complete and submit a Consent to Join Form online.

You may lose your right to compensation and damages pursuant to the FLSA claims brought in this case if you do not promptly return your Consent to Join Form by **[60 days from mailing, emailing, or text]**.

### 4. <u>EFFECT OF THE SETTLEMENT</u>

If you submit a Consent to Join Form to participate settlement in the settlement, you will be bound by the terms of the Settlement Agreement, which is available at **[URL**].

If you choose not to participate in the settlement, the terms of the settlement are not binding on you.

### 5. <u>WHO ARE MY LAWYERS IF I PARTICIPATE IN THE SETTLEMENT</u>

If you submit a Consent to Join Form, you will be represented by Sam J. Smith and Loren B. Donnell, Burr & Smith LLP, and by Molly A. Elkin and Hillary D. Lebeau, McGillivary Steele Elkin LLP, and any of their associated attorneys. If you have questions, you may reach the attorneys by calling or emailing them:

| Molly A. Elkin<br>Hillary D. Lebeau<br>MCGILLIVARY STEELE ELKIN LLP<br>1101 Vermont Ave., N.W., Suite 1000<br>Washington, DC 20005<br>Tel.: (202) 833-8855<br>E: mae@mselaborlaw.com<br>hdl@mselaborlaw.com | Sam J. Smith<br>Loren Bolno Donnell<br>Burr & Smith LLP<br>9800 4th Street North, Suite 200<br>St. Petersburg, FL 33702<br>(813) 253-2010<br>SSmith@burrandsmithlaw.com<br>LDonnell@burrandsmithlaw.com |
| --- | --- |

### 6. <u>SETTLEMENT APPROVAL AND MAILING OF CHECKS</u>

If you timely return a Consent to Join Form by **[60 days from mailing of the notice]** and no appeal is filed of the Court's Order approving the Settlement, settlement checks will be mailed

DocuSign Envelope ID: 51EDF382-A3B6-4A47-994E-FCA2B504C288

to the address the Claims Administrator has for you in their files by [**80 days from mailing of the notice**]. You may contact the Claims Administrator to confirm their receipt of your Consent to Join Form. You will also have 120 days from the date of issuance of your settlement check to cash or deposit your check before the check will become void.

       This settlement notice and its contents have been authorized by the Honorable Robert E. Payne, U.S. District Court Judge for the Eastern District of Virginia.

DocuSign Envelope ID: 51EDF382-A9B6-4A47-994E-FCA2B504C288

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

|  |  |  |
|---|---|---|
| DAWN ANGIONE, | ) | |
| individually and on behalf of all others | ) | |
| similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 3:21-cv-00344 (REP) |
| vs. | ) | |
| | ) | |
| NATIONAL COUNSELING GROUP, INC., et al. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## CONSENT TO JOIN FORM

**To receive a payment under the Settlement, this Consent to Join Form must be fully completed and mailed, emailed, or faxed to the Claims Administrator so that it is received by the Claims Administrator by [60 days after mail, email, or text of notice]:**

[Settlement administrator contact information]

**You should contact the Settlement Claims Administrator to confirm receipt of your Consent to Join Form.**

I, hereby opt into this settlement pursuant to Section 216(b) of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA"), and in consideration for payment received by me from the Settlement, I agree to release of any and all claims, whether known or unknown, arising out of the payment or non-payment of overtime compensation by Defendants until November 28, 2020.

_____
Signature

_____
Name (First, Middle, Last)

_____
Former Names (if any)

**Information below this line will not be submitted to the Court, but it is important to complete to ensure your settlement check reaches you:**

1

DocuSign Envelope ID: 51EDF382-A9B6-4A47-994E-FCA2B504C288

_____

Mailing Address

_____

City               State          Zip Code

_____

Email Address

_____(Home)_____(Cell) _____(work)

Telephone Numbers

_____

Last 4 digits of
Social Security Number

**(information on this page will be kept confidential)**

# EXHIBIT D

**Settlement in Angione v. National Counseling Group, Inc., et al.,
Civ. No. 3:21-cv-00344 (REP)
United States District Court for the Eastern District of Virginia**

You recently should have received a Settlement Notice explaining that you can participate in the settlement of this overtime case.

If you did not receive or no longer have the Notice and Consent to Join Form, please contact [NAME OF CLAIMS ADMINISTRATOR, phone #, email, fax].

If you plan to submit a Consent to Join Form, you must mail, email or fax it or you may submit it electronically by going to the website [URL] so that it is received by the Claims Administrator by **[60 days after initial mail, email or text of notice].**

**IF YOU DO NOT SUBMIT A CONSENT TO JOIN FORM BY [DATE], YOU WILL NOT RECEIVE ANY MONEY FROM THIS SETTLEMENT.**