**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

DAWN ANGIONE, et al.,

    Plaintiff,

v.                                              Civil Action No. 3:21-cv-344

NATIONAL COUNSELING GROUP, INC., et al.,

    Defendant.

**ORDER**

Having reviewed the JOINT MOTION FOR FINAL APPROVAL OF FAIR LABOR STANDARDS ACT SETTLEMENT (ECF No. 47), the MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION FOR FINAL APPROVAL OF FAIR LABOR STANDARDS ACT SETTLEMENT (ECF No. 48), the JANUARY 31, 2022 DECLARATION OF SAM J. SMITH IN SUPPORT OF JOINT MOTION FOR FINAL SETTLEMENT APPROVAL (ECF No. 48-1), and the DECLARATION OF MEAGAN BRUNNER REGARDING NOTICE AND SETTLEMENT ADMINISTRATION (ECF No. 46-1) and the accompanying Consent to Join Forms, and for reasons set forth in the Final Settlement Approval Hearing on February 28, 2022, the Court hereby finds and ORDERS that:

(1)    The Court has jurisdiction over the subject matter of the litigation and over all Parties to this litigation, including the Named Plaintiff and the Opt-In Plaintiffs; and

(2)    The Named Plaintiff and the Opt-In and Potential Opt-In Plaintiffs have been provided proper and adequate notice of the terms of the Settlement, as well as the applicable dates and procedures for submitting an Opt-in form or objecting to the Settlement. No objections to the terms of the Settlement or the Settlement's final approval by this Court have been received from any individual covered by the Settlement; and

(3)   The settlement resolves a bona fide dispute between the parties; and

(4)   Under the standards set forth in Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982), the Court finds that the settlement is fair and reasonable because:

   (a)   The quantity of discovery that has taken place is adequate given the parties' substantial informal discovery before the filing of this suit; and

   (b)   Given the balance of possible benefits and costs associated with proceeding, the stage of the proceedings favors settlement; and

   (c)   There is no evidence at all of fraud or collusion; and that conclusion is strengthened by the assistance the parties received from a mediator who is a former federal judge; and

   (d)   Class counsel is highly experienced in litigation under the Fair Labor Standards Act, and they endorse the settlement agreement; and

   (e)   The opinion of class members favors approval of the settlement because over one-half of potential class members opted in to the settlement agreement and there were no objections of any kind from potential class members; and

   (f)   The amount in the settlement relative to the maximum possible recovery at trial favors settlement because the bulk of the possible recovery was tied to a legal issue regarding which the defendant had a particularly strong defense.

(5)   The Court awards service payments in the amount of $5,000 to Named Plaintiff Dawn Angione; $1,000 each for Opt-in Plaintiffs Francisco Diaz and Victor Holley; and $600 each to Opt-in Plaintiffs Lisa Morisco, Keta Satchell, Elizabeth Garcia, Julia Meredith, and Lensley Eidson from the Gross Settlement Fund; and

(6)   The Court awards $205,500.00 to Plaintiff's counsel for attorneys' fees, litigation expenses and costs from the Gross Settlement Fund; and

(7)   The Court awards Claims Administration fees in the amount of $12,500.00 from the Gross Settlement Fund; and

(8)   The Court directs the issuance of settlement checks consisting of the Net Settlement Amount to Plaintiff and Opt-in Plaintiffs in the amounts set forth in ECF No. 53-1, according to the terms in the Settlement Agreement (ECF No. 35-1), for the individuals whose Consent to Join Forms have been filed with the Court in ECF Nos. 46-2, 51-1, and 53-2; and

(9)   Neither the Settlement nor this final approval Order, nor the fact of a settlement, are an admission or concession by the Defendants of any liability or wrongdoing whatsoever; and

(10)  The Court dismisses the case with prejudice for Named Plaintiff and Opt-in Plaintiffs whose Consent to Join forms have been filed in this Court (ECF Nos. 46-2 and 51-1) but retains jurisdiction for enforcement of the Settlement.

It is so ORDERED.

_____ /s/  _REP_ _____

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date:  March __2__, 2022